The next case is number 22-113. Eliezer and Valeria Taveras v. Bank of America et al. Good morning, Mr. Taveras. Good morning. We know you're proceeding pro se with your wife. So, if there is anything you don't understand that any of the questions that we asked us, please feel free to ask us for clarification. Okay. Okay. Thank you. Okay. All right. We're ready to hear from you. All right. So, this is your opportunity to sort of supplement or augment the arguments that you presented in your brief. Okay. And essentially, tell us why you think the district court made a mistake in doing what it did. Okay. And abstaining in this case under Colorado River. All right. Thank you. Let me take a couple of seconds of my time. Thank you. Well, I want to give a brief of what happened and why we get to this point. In 2016, my wife and I bought a property in Osceola County, and we got a mortgage from Bank of America. Due to the crisis 2008, we couldn't afford the payment of the mortgage and Bank of America filed a foreclosure action in Osceola County. The foreclosure action was dismissed for lack of prosecution. That was in 2008. As a matter of fact, Bank of America alleged that it did not have the note. Bank of America confirmed that it had lost it or whatever. Then the case was dismissed, and six years later, after the status of limitation of Florida, according to the mortgage, had expired. It was purposely assigned to a Christiana Trust. Then we filed a declaratory action in Osceola County, seeking a declaration that the mortgage was null and void, unenforceable. Christiana Trust never answered the complaint, so the court issued a default declaratory judgment. But 30 days later, Christiana Trust appealed to the Fifth Circuit Court of Appeal and, in addition, filed a motion to set aside the declaratory judgment, attaching a lot of documents. We didn't have any experience, and as a matter of fact, we lacked a lot of experience. So we had an attorney representing us. The attorney was reviewing all documentation. The attorney called us and told us that Christiana Trust had shown evidence of why to enforce the mortgage. In addition, he told us that we were going to lose the appeal, and we were probably to be forced to pay for Christiana Trust attorney fees. So, against our will, we agreed to dismiss the case. The case went over, and the Fifth District Court of Appeal reversed the judgment. In 2016, Christiana Trust filed a foreclosure action in Osceola County. We hired the same attorney. The same attorney later tried to convince us to set up the case on a cash-for-keys deal, and we didn't want to do it. I don't know for what reason, but it was then when we started to defend this case process. Beside our lack of knowledge, we started doing it. Can I ask you a question? Yes. One of your claims, one of them is that there is a note that you say has been forged and manufactured fraudulently, right? Yes, correct. But there is a note that you and your wife signed at some point when you purchased the property, right? Or is that denied too? It could be. We ignore, we don't know if we, my wife don't remember if she signed the note, but I assume they should be. It should be. Okay, go ahead, go ahead. Yes. Your question, as matter of fact, takes me to say something that is generalized in the state of Florida. In the state of Florida, there is a general rule that grants a litigation privilege to foreclosure plaintiffs to do all types of criminal acts, fraud, perjury, and Florida courts will ignore it. They might be protected and chilled to do that. And as matter of fact, in the motion to dismiss that a police file in the district court, they claim that privilege. Bank of America said, and I quote, the alleged wrongdoing was done in forbearance of the foreclosure action. So what it means and what was granted by the district court was elite, a privilege to commit crime. And we, I know you, I know you feel that way, but legally, that's not exactly right because the district court didn't say to Bank of America, what you did is right. Or what you did is excused. What the district court here did was say. I'm going to stop the federal case. And I'm going to let the state court in the foreclosure action. Figure that problem out. So, I mean, I know you, you think you've been denied your day in court by the district court's ruling, but. The district court did not say, as I understand it's ruling that Bank of America acted properly. It hasn't said anything about that at all. Okay, I'm going to read what the magistrate judge recommendation says. He said, and he's in the order abstaining on their Colorado reader. It says, should the court should abstain from considering this action? Because the fundamental question is the validity of the no currently being considered in the underlying foreclosure action. Well, I believe that case law says that the court must assume the alleged the allegation of the complaint as true. Only when it's deciding whether to dismiss the case on the merits or not. Correct, but they are based in this argument. The judge based her decision in this argument that he's saying, let the. A state court decide if the note is forged or not. When we file our motion for reconsideration. We also added my wife affidavit. We added three forensic expert testimonies. Showing that the promissory note is false. So, again, from my understanding, the court, I'm sorry to interrupt, but the court, the district court has not decided that the promissory note. It has not ruled on that. It said, I'm not going to rule on that. Unless and until I need to rule on that. After the state court addresses that issue, that's what it's done. So, the district court has not ruled on that issue. All right, I agree with you, but it failed to assume. The allegations of the complainants through that's what I'm saying. Because, again, let the state court decided, which is my feeling. This is my feeling. I've been in this since 2008. I'm really very frustrated with the legal system of this country. Unfortunately, I come from a country that there is no justice. I come from a country that the justice will benefit the rich, the powerful. During these last six years, I have been seeing this in Florida. In Florida, what I have seen is, let this, let's get over all this foreclosure action. This guy didn't pay his mortgage. So, let the foreclosure plaintiff do whatever they do. So, my feeling is this. Let the state court decided because the state court will not even give us the opportunity to demonstrate that the note is false. What do you, let me play devil's advocate for a minute to argue the opposite of what you just said in part. What happens if the district court says the note is valid and the foreclosure court says the court is invalid? What do you do? I know you're not an attorney. Can you please ask the question again? Sure. Yes. Let's say we reverse. So, you win this appeal. All right. The case goes back to the district court. It has to rule on your case. It holds a trial. And it says, it finds the note is valid. So, you lose. The district court says the note is valid. It's not a forgery. In the meantime, the foreclosure court comes to the opposite conclusion and says the note is invalid. It's a forgery. You have two judgments that are inconsistent. One court says it's valid. The other court says invalid. What are you going to be able to do then? Where are you going to go? If I have the judgment first in this court, then favoring or denying, let's say denying, I will appeal. Yeah. And let's say we affirm. Let's say you affirm and you say the note is valid. But if I go to the state court and say it's invalid, then I have cases that will not allow me to do anything else. That's my belief. Because I have a judgment saying it is invalid. But until now that I have the opportunity to demonstrate it is invalid, that's what I'm looking for. That's what I'm asked. Because what we feel, and you are judges, you know how I feel. What I feel is being victim of crime and I'm looking for justice. Whatever, I cannot make a decision right now in hypothesis on what is going to be happening later. We know and we are very sure that the note is false. And we have evidence to demonstrate that the note is false. So I cannot make a decision right now just believing or assuming what is going to happen later. But what I'm saying, what I believe is that the federal court has an obligation that the federal court did not, did not do what it was supposed to do. Okay. Thank you very much. You save some time to come back and talk to us in a minute. Okay. Thank you. Mr. Not not in terms of substance or merit, but in terms of like, moving, like, what is going on, the case has been set for trial. And as it stands, for when November, mid November, November 15th. Of this year. Yes, no motions for summary judgment filed by any parties. I believe there have been some motions for summary judgment filed. I don't recall if all of those have been ruled on or denied yet, but I do believe that the case remains set for trial, and they're trying to work through those and bring this to a conclusion. And I think the court understands our position and the issue here with, you know, the potential for inconsistent rulings and that's really what all of this kind of boils down to he's willing he's willing to take a loss on this case. And there is a way to look at this. I know we're reviewing for abuse of discretion and. Again, I speak for myself only that may be your saving grace. But there's a way to look at this case as not necessarily being an extension matter under Colorado River. Well, the claims that the various is are making. Is that after. The initial foreclosure proceeding was created. After they had defaulted on the mortgage. There was a scheme, including bank of America to create a forge note. All of that is post consummation judgment. So, regardless of whether or not they're ultimately held liable on some notes. In the foreclosure proceeding, because, I mean, we obviously don't have the foreclosure record in front of us, but. 1 thing that I can foresee happening is. The foreclosure court saying, you know what? That bank of America note, maybe not forged, but it's not valid. It's not the right note. It wasn't the note that they signed, but there is another note and they're liable on that other note. So, here's your foreclosure judgment on the other note. And then. And there's an equity here, right? Then these claims at that point, then could go forward. And I think at the, at the end, they go forward now. Well, because we're, we're faced with 2 courts trying to decide the same. That happens a lot and courts don't abstain under Colorado River all the time. A lot of river is an exception to the general rule of having to exercise jurisdiction and they've got federal claims here. I agree. I understand the, the federal claims and this, this case is essentially. It's effectively an effort to obtain a finding based on documents attached to the pleadings that they can then take back to the state court to disrupt it forwarded or extricate themselves from the process have that whole the landscape of that whole case changed. And for the foreclosing plaintiff there to go after somebody else. And that's kind of highlights the parallel nature and the critical factual issues in common in both of these cases. And I think you pointed out exactly the example that I would is if that critical issues got to be determined in the state court case. It's been. Is that the only note that is being proffered as the default in the state court proceeding is my understanding that that is. So this was a note that was found after the fact. There's a bit of a misunderstanding initially when Bank of America filed it sued in 2008, it played an alternative claim of, if they didn't have, if they weren't the holder of the note, then in the alternative, it was a lost note and they could reestablish the last note, and that was a common practice at the time for them to just make sure they got all their bases covered, and then drop one claim or another. However, it turned out, why did it that way I don't know but that was the, the, the nature of those claims and they were in the alternative. So it wasn't an admission or anything that was not the note was lost, or anything of that nature. What did Bank of America dismissed the first one. It was a lack of prosecution. I know why. I don't have anything in the record that that I could answer that question for a judge I don't know but at the time it's possible that it was just, you know, the flood of cases being litigated and this one, either fell through the cracks where they weren't able to get to it in time, and it got dismissed as a procedural matter. Doesn't paint a pretty picture for your client. Understandably, but it also doesn't establish or really show that there was any wrongdoing at the same time. Oh, that is true as well. So we're, you know, I understand the way that it looks but appearances aren't always, you know, accurate and so, but that's the issue with the forgery of the note, whether or not that exists is squarely It's the most critical factor in that case. All of the parties in the underlying suit here are all in privity with one another as predecessors or successors or servicers of that loan and those documents. So, that issue is critical to all the claims in each court. And that's fundamentally the reason that the district court should yield to the state court to allow it to determine that issue, especially when it's involving both cases are involving claims directly impacting the property, the documents in the chain of title, the ownership, the interests of any of the parties. So, in our view, the district court did appropriately under the unusual circumstances of this case abstain from rolling to allow the state court to exercise its jurisdiction and decide the state specific rights with respect to the property. The other factors that we, you know, would also mention here is the vexatious and reactive nature of the underlying case, in the sense that this seems, you know, essentially it's an understandably with the, with the borrowers, the Tavares is in their, their position as pro se, this is a defensive maneuver to try to get some sort of ruling quicker. In another court in another forum to take back to the case and, you know, change the landscape or get things resolved rather than litigation, though, is inconsistent with what we just heard, which is, as Judge Jordan pointed out, they're willing to take a loss to have the opportunity to litigate both cases at the same time. Well, then I don't understand the, the reasoning behind coming to the federal court to try to get these claims and get this issue decided, as opposed to litigating it and and having it decided in the state court foreclosure case. A 5 year delay is pretty good reason. It's not as if it's not as if they filed this lawsuit a month or 2 or 3 or 4 after the 2nd foreclosure proceeding was instituted. If that happened, I can understand your characterization that it's a purely defensive maneuver trying to get. An adverse ruling from a different forum to then take back to the foreclosure court, but they've been waiting. They waited close to 5 years. Well, the foreclosure case before filing this 1 with nothing of note happening there. Well, you're like, I gotta get justice somewhere. They didn't wait. And I think we, we pointed out some of the, I mean, they didn't wait. So, in the foreclosure action was filed in 2016, right? Correct. They filed this lawsuit in 21. Correct. But in the interim for years, but in the interim, there were multiple filings and efforts that took place. And if I met the. So, the docket sheet from the state foreclosure case, which was in the record, it's a. Documentary 31 dash 3 pages, 6 through 11 of that show that they asserted a number of cross claims against. Bank of America counterclaims against Christiana trust in US bank, 3rd party claims against the service or BSI, but they voluntarily dismissed those and then immediately attempted to remove the case to federal court. After it being remanded back to state court, they then filed 2 different actions in district court, alleging the same theory of fraud on the note. The 1st, 1 was dismissed under the Colorado river and the instructions in that order. Were to for them to wait until after the conclusion of the state foreclosure action and refile this case to the extent it is appropriate to do so. They then filed the 2nd suit. Which was dismissed for lack of prosecution and then the underlying case in suit. So, I think that pretty well outlines the nature of this as a defensive effort to try to thwart or disrupt the state court case, rather than litigating it there. And with that being the background, we believe that the vexatious and react. How important is that to your argument? Well, it's in if we disagree with you on that, that this is that this is born out of a vexatious and disruptive attempt to thwart the state court action. It's it's not critical judge. There are other factors that also favored this. This 1 is. Undisputed essentially in the briefing that they didn't take issue with the courts or the magistrates finding on that nature in the courts adoption. So, that's that's at least 1 basis to affirm the decision to abstain. But even if you disagree with that, we believe that the several of the other factors, the 1st and 4th nature of the state court, taking jurisdiction over the property and Ram and having that for 6 years, it's been litigated for 6, almost 6 years at the time of the analysis and the decision here. Multiple motions for summary judgment, discovery depositions. I mean, it's been heavily litigated and it's progressed far beyond the state that the underlying cases in that also would support abstention. And the, um, the other 1, I think was what judge Jordan mentioned. Pardon me earlier was the, uh, the potential for piecemeal litigation and the turmoil that inconsistent decisions on this would grow about the risk of piecemeal litigation. The risk of multiple lawsuits is not the same thing as the rest of piecemeal litigation. What record evidence is there to support a finding that there is a rest of piecemeal litigation in this case? Well, in the sense that piecemeal litigation is 2 courts attempting to decide the same issues and the potential for inconsistent decisions. We have obviously both the underlying case founded on the alleged forgery of this note on the validity, the documents recorded in the public record. Again, there's in rem relief being sought here. Declarations. The rule is that run of the mill piecemeal litigation, meaning multiple lawsuits, isn't enough for this factor. I mean, for the Colorado River doctrine, piecemeal litigation is something, as I understand it, of a term of art where we've got to really evaluate exactly what about this is not merely multiple, but particularly piecemeal. So what record evidence is there that this case presents a piecemeal issue for Colorado River purposes? Well, judge, it's in our view, it is the nature of the relief being sought against the property, the effect that inconsistent rulings could have on the ownership. I guess let me put a final point on it. I'm not asking for lawyer argument. I'm asking for evidence. Well, the only evidence that at this stage that we have is the pleadings in both cases comparing the nature of the alleged wrongs there. The only other evidence that has been submitted is by the Tavares with their affidavits and things that nothing's been subject to cross examination and would still need to be litigated further. But the fact that those issues and anyone who looks to obtain an interest in this property, inconsistent rulings would severely impact that. After the case, whether the Tavareses or the current parties... Was that argument made to the district court? That argument was not specifically made to the district court, judge. But we do have, in doing the research and making it the briefs, we did highlight some district court decisions. I believe it was the Hendricks case and the Surgeon's case where they talked about foreclosure cases in a similar situation to this and the inconsistent rulings throwing into turmoil ownership rights and interests in the property. And we submit that that's the same issue involved here. So I see that my time has expired or doesn't have any other questions. We would rely on the main arguments in our brief and request a decision. Thank you very much, Mr. Pierce. Mr. Tubbs. Thank you, Your Honor. May it please the court. Colorado River abstention is aimed at ensuring that courts employ a pragmatic and flexible analysis of the realities of the case at hand to avoid duplicative litigation. We have substantially similar issues being litigated by substantially similar parties. And it is applies at its foremost when the first court here the state court exercises in rent jurisdiction over property. The United States Supreme Court state in that situation it exercises jurisdiction to the exclusion of other courts. That's exactly the situation we have here we have a foreclosure action in the state court a quintessential in rent action. It's been pending now for six and a half years. And Mr. Taveras said earlier today, we just want an opportunity to get a ruling that the note isn't valid. They have that opportunity. It's in the state court, it's their main affirmative defense. It's an issue that is also part of an equitable subrogation and it's been litigated for six and a half years. The district court here may result in site. That is not yet given given how overwhelmed our state court colleagues are that trial date. As far as I know, could be firm or it could be pie in the sky. You have no clue whether or not this case is going in November or whether it's going in 2024 or it's going in 2025. So what if we affirm what's wrong with telling the district court re-evaluate your Colorado River extension in a year. And if that case still isn't gone, you take this case and whatever happens in the foreclosure proceedings be damned. Because you couldn't be here making the same argument, at least not with the same force. I think if we were 15 years into the foreclosure proceeding and the state court hadn't held a hearing or hadn't held a trial. Because at that point, the relief to any party is illusory. I think, Your Honor, we're a far point from a finding of that nature here. I know it's just an exaggerated point with a hypothetical. Of course. I'm just saying as time moves on, if things don't move in the state foreclosure proceeding, the reason for abstaining under Colorado River starts looking more and more tenuous. To Your Honor's point, the district court did deviate from the important recommendation to stay this lawsuit instead of dismissing it and did also require the filing of status reports on a regular basis. So I think the district court is attuned to that concern by the nature of the ruling that it issued. But I will say also that maybe a little suggestion on our part might go a long way toward getting the state foreclosure court to move. And to resolve this case. That may be also in the offing. But I will say that Taveras' have litigated that case in interesting manners and they've gone through several attorneys. I don't want this court to be left with the impression that the delay has occurred in the state court without any actions by them. This litigation can be messy, of course. And that's, of course, not to say that in the federal court action, there's going to be a decision overnight. What has transpired and there was a recent attempt to supplement the record, there has been a lot of litigation on this subject in the state court. It would be a duplication of litigation. And we believe that the district court did exercise its discretion correctly in deciding the state court needs to handle that first. It's a property dispute that could be inconsistent rulings. The BBO and other district court decisions pointing out that in a foreclosure action, you do have really significant concerns about inconsistent dispositions of property. That was addressed to the district court. It figured more prominently in the magistrate judge's report recommendation. But we do believe that was a consideration that the district court took into account. So for all those reasons, we believe that the court should affirm the district court's ruling. And if there are no further questions. One procedural question is Mr. Pierce correct that the basis for the foreclosure action in state court is the note that is currently claimed to be a forgery. There's no other note involved like whoever's moving for foreclosure saying this is the note that they signed and this is the note on which foreclosure arrests. Yeah, so I'm not counsel in that case and my clients are not in that case anymore. But that is my understanding. That is the only note at issue. Yes, you're on. Okay.  Thank you very much. Thank you. Thank you. I want to remind Moses H. Doctrine where the Supreme Court stated that the task of the court is to ascertain whether there exists a section or circumstances to justify the surrender of the federal court jurisdiction. The court said if there is any substantial doubt as to whether the parallel estate for litigation will be an adequate vehicle for the complete and drawn resolution of the issues between the parties. It would be a serious abuse of discretion. To grant the state or dismissal at all. The court noted that the decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantial part of the case, whether it's a state or dismiss. This is the case here. The proceeding are not parallel. The parties are different. The causes of action are different. Nor where resolution in the foreclosure action sold the cases or the case between us. Well, if that's not entirely correct, I think, because if the state foreclosure court says that the note is valid. And that it was not forged. This federal case of yours goes away. Right, but let me then remember what is happening in the foreclosure action that is being last for already more than 6 years. In 2016, April 1st, Christiana trust file the foreclosure action. In 2018 we made the discovery and started to allege that the notice forge. In 2000 in December. In December, we see on a trust move. We send a trust change party plaintiff to US Bank National Association. In December, US Bank move to leave to amend. It was granted in February, 2019. In February, 2019, US Bank file another action. Adding to the foreclosure actions, equitable subrogation. That is trying to enforce another mortgage that was paid at the closing. That was old and paid by the sellers of the property. In 2022, August 23, 2022, file the third action. Now with four causes of action. And the allegation is this. If the court finds that the note is a forgery, that Valeria Tavera's signature was forged on the note. Then we have the right for this. So three causes of action that the US Bank, the new plaintiff is trying to get relief on. So this is more probably that is going to happen in the state court. So there's a chance that you could lose the foreclosure proceeding on one of those other theories. And come back here to federal court because the state court found that this note was forged. Yeah, but I mean, you can go forward against Bank of America and you've got a judgment in your favor, which will act as collateral estoppel. Yeah, what I said, you're right that there is a chance because what is going on in state courts. But I believe that the court, the federal court should not give up of its jurisdiction. Just believing on hypothesis. I believe that the court has a legal duty to a state bounded to the to the Supreme Court decision. And here there is not any any evidence of photoshopping. There are different cases. There are different times. There are different things. Mr. Here says that you had tried to remove the case to federal court and then filed an initial case. It got dismissed on Colorado River grounds. And then you filed the second or third case. So in his view, you've been consistently trying to get into a federal court. Yes. Get away from the state court. Yes, because the first time we did not even find. We have not found that the forged promissory note had been used in the declaratory action. It was in late 2018, beginning 2019, that we find out reviewing the documentation. And then we file this action based on federal recall. So the first action allegations and these action allegations are very, very different. OK, so, again, I believe the court has a legal obligation to exercise its jurisdiction. I believe that partially state Colorado River are permissible only in very limited circumstances. When there is a strong evidence that the other court will solve the litigation between the parties. And there is not at all, not evidence that the state court is going to solve. As a matter of fact, every time that pass, the court is getting more distance and more distance, allowing amendments to the foreclosure action. OK, Mr. Tavares, thank you very much. We really appreciate the help and your presentation. Same for you, Mr. Pierce and Mr. Todd. Thank you. OK, our third case was continued. So we are in.